## 19963

John H. WILSON, Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant

(212 S. E. (2d) 61)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Dudley Saleeby, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellant,*

Respondent not represented by counsel.

February 13, 1975.

LITTLEJOHN, Justice:

The plaintiff, John H. Wilson, initiated this action by service of a Complaint upon the South Carolina Highway Department, alleging an unconstitutional taking, without just compensation, of real property used by the Department in the improvement of the Belfast Road in Newberry County.

The Department, by way of Answer, interposed a general denial and pled as an affirmative defense an easement signed by plaintiff granting a right-of-way.

Plaintiff replied to the Answer and alleged that the easement was null and void and prayed the court to cancel the agreement. It was the contention of the plaintiff that the easement agreement which he admittedly signed should be set aside because of failure of consideration, inadequate consideration and mutual mistake.

The trial judge heard the equitable issues raised by the pleadings with regard to whether the right-of-way agreement should be rescinded. Thereafter, he issued a brief order as follows:

"This equitable matter came on before me sitting without a jury on Monday, January 28, 1974.

"I took the testimony and I make the following findings of fact and conclusions of law:

"1. That there was no intent on Mr. Goff's part to deceive anyone.*

"2. That there is no evidence to show that the landowner received one of the informative brochures which Mr. Goff mentioned, or that he had any knowledge of the other procedures to which Mr. Goff referred, and which are contained in that brochure.

"3. That the Belfast Road improvement has been completed.

"4. That the landowner signed the right-of-way in the honest belief that the Department would pay no money for the right-of-way and that if he didn't sign, the muchly needed road improvement would not be made.

"5. That the Department has paid money for right-of-way for this particular road and there have been condemnation verdict awards.

"6. That the Plaintiff is not entitled to payment of compensation at this time and that the issue of damages should be presented to a jury.

"*It is therefore ordered, adjudged and decreed* that the right-of-way be set aside and the landowner afforded his day in Court to determine damages for the taking of his property."

The Department has appealed, raising one basic issue which will be dispositive of the case:

---

\* Goff was right-of-way agent.

"Did the Lower Court err in ordering that the Right-of-Way Easement be set aside based upon a finding of facts which contains no grounds sufficient in law or equity to support the rescission of a validly executed Easement?"

We agree with the contention of the Department that the findings of fact of the lower court simply do not support the ultimate conclusion of the judge that the easement should be rescinded. The burden of proof on this issue was upon the party asserting the invalidity of the easement contract. A search of the record fails to reveal evidence warranting a finding that the plaintiff is entilted to a rescission.

The case is remanded to the lower court for entry of judgment in favor of the South Carolina Highway Department.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and NESS, JJ., concur.